LORENZO D. SMITH, *et al.* v. FREDRICK SMIDT.

### *Error from Brown County.*

The petition alleged that the defendant had represented certain land in Illinois to be good tillable farm lands, fit for immediate cultivation and of the value of $1,500, whereas, the land was a swamp and worthless. The answer denied making any such false and fraudulent statements: *Held*

1. EVIDENCE.—That under this issue it was competent for defendant to prove any fact that tended to show that such representations as alleged had not been made, or that they were not false.

2. EVIDENCE: REPRESENTATION.—It was competent and proper to introduce testimony to prove what the defendant really did state about the land.

3. EVIDENCE.—It was proper to introduce testimony that defendant had represented that it was flat land and would require a ditch from two to four feet deep around the land to render it fit for cultivation.[*]

     The subjoined opinion contains a sufficient statement of the facts of the case.

     *Martin, Burns & Case*, for plaintiff in error.

     *W. W. Guthrie*, for defendant in error.

     *For plaintiff*, it was submitted:

     1. Under a general denial defendant may give in evidence any matter which shows or tends to show that plaintiffs below had no right to recover. *Andrews v. Bond*, 16 *Barb.*, 633; *Nash's Pl.*, 65-6-7; *Voorhees' Code*, 273.

     2. The rejected evidence tended directly to disprove the fraud charged.

     *Guthrie, for defendant in error*, submitted:

     1. The defendant's answer in the court below did not afford a proper foundation for the introduction of the

---

[*]TRIAL: EVIDENCE.—Proper evidence having been given to the jury, it is an error, of which the offering party may avail himself, for the court afterwards to decide that such evidence is improper and inadmissible and to allow a motion to strike it out.

rejected evidence.    It contained no averment of fact, only promulgated a conclusion of law.    See *Sweeney's Code*, 123, *notes*, 1, 2, 3; *p.* 124, *n.* 8, 11; *Johnson v. Piper*, 4 *Minn.*, 195.

2.    So that the plaintiff was only required to show that the representations were made and were untrue. The defendant below did not offer to prove the representations true, but endeavored merely to show other representations than those pleaded.

3.    Defendant is not agrieved by the decision of the court below.    He might have amended his answer as to make the evidence admissible but did not move so to do.  *Stebbins v. Gaylord*, 4 *Kans.*, 42.    Besides, the evidence was actually heard by the jury and produced its impression as much as though not subsequently ruled out.

*By the Court*, KINGMAN, C. J.

The petition among other things states that in January, 1868, the defendant in error was the owner of a tract of land in Brown county, in this State, and exchanged the same with the plaintiff in error for a tract of land in Lee county, Illinois.    The trade was made and the deeds exchanged in Brown county; the defendant in error had never seen the land in Illinois, but relied entirely upon the representations of plaintiff in error, who represented the land in Illinois as good tillable farm lands fit for immediate cultivation and worth $1,500; whereas, the land was not good tillable farm land but was a swamp and entirely valueless, which fact was well known to the plaintiff in error and wholly unknown to the defendant in error.

The petition asked a rescission of the contract on the ground of fraud and demanded judgment of $400 as damages.

The answer denied having made "any false or fraudulent statements or misrepresentations of or concerning the nature and character of the land mentioned as lying in said Lee county, and State of Illinois, in manner and form as alleged, or in any manner whatever."

The bill of exceptions does not disclose the evidence or the instructions of the court, and the only question presented is, whether the court below erred in ruling out certain testimony offered by the plaintiff in error. It appears, that when the plaintiff below had closed his case, the defendant offered to prove by his own testimony that he had told the plaintiff, at the time the trade was being negotiated, that the land in Illinois was flat, bottom land, and would need a ditch from two to four feet deep all around it to render it fit for cultivation, and that he did not want to sell the land. This testimony was ruled out—and this ruling was plainly erroneous.

EVIDENCE: Admission of.  This testimony tended directly to negative one of the material allegations of the petition. The petition stated that defendant had represented the land as fit for immediate cultivation. While this testimony showed or tended to show that he had represented that it would first need draining, what effect this testimony might have had in the decision of the case cannot be determined here. It is enough that it was proper evidence to introduce, as the issue was made up and the plaintiff in error was clearly entitled to the benefit of it.

The plaintiff's cause of action rested on certain alleged false and fraudulent representations made by the defendant below, and the reliance placed on these representations by the plaintiff. The answer plainly denied the making of the false and fraudulent statements and this was the only issue in the case. The plaintiff by it

was required to prove that such representations were made, and that they were false, and made with a purpose to defraud him; any testimony tending to prove these points was admissible; and any testimony, on the part of the defense that tended to controvert them, was also relevant and proper, and that the testimony ruled out was of this character seems to us too plain to doubt or need argument.

TRIAL: EVIDENCE It is urged by counsel for defendant in error that the plaintiff in error was not prejudiced by the ruling. "That the evidence was heard by the jury and produced its impression as much as if not subsequently ruled out."

This is not law. The argument is in substance this: The presumption is that the jury wholly disregarded the decision of the court in ruling out the testimony, and therefore this court must wholly disregard the erroneous decision of the court. The logic of this is not better than the law.

The case must be reversed and a new trial awarded.

All the justices concurring.